a The following rules of court have been adopted since the publication of the rules of court in 2 Harr. Rep. 161.
RULE 42. At the instance of the bar it is directed that objections to road and ditch returns be made in writing, and supported by affidavit, where the objections to the return rest upon facts not appearing from the record. (Pall Sessions, 1841.)
No. 43. In all cases of taking special bail, by the prothonotary, in vacation, reasonable notice of justification shall be given to the opposite party, or his attorney. (Fall Sessions, 1842.)
No. 44. In all actions ex contractu pending in this court, judgment for the plaintiff shall, on motion, be entered at the second term, unless there be an allegation, supported by regular affidavit, that there is a legal defence to the action. Such affidavit shall be filed during the term, unless the court do, on motion, enlarge the time. (Spring Sessions, 1845.)
No. 45. Notice of holding inquisitions on land, or of sale, shall be served personally on the defendant, if residing in the county. If he does not reside in the county, notice shall be served on the tenant, or if there be no tenant, shall be left at the mansion house, or other notorious place on the premises. (Pall Sessions, 1845.)
No. 46. It is ordered by the court, that in every action of ejectment, the defendant shall specify, by general description in the consent rule, for what premises he intends to defend; and shall consent in such rule to confess upon the trial, as well as lease entry and ouster, that the defendant (if he defends as tenant, or in case he defends as landlord, that his tenant) was, at the time of the service of the declaration in possession of such premises. (Spring Sessions, 1847.)
No. 47. It is ordered by the court, that in future, applicants for admission to the bar, subject to examination, shall be privately and fully examined by a committee of three members of the bar, to be appointed by the court; and shall be admitted only on the written report of the examining committee, or a majority of them, stating the qualifications of the applicant, and recommending his admission. (Spring Sessions, 1847.)
ALIAS fi. fa., debt. Real debt $928 39; interest from the 19th of October, 1846. Returned "Levied on goods as per inventory and appraisement, and settled to sheriff."
Costs: — Levying on eight defendants $32; appraisers $4; advertising $4 80; dollarage 974 58-$29 23; total $70 03.
The defendants filed an affidavit that the execution had been settled within thirty days after the levy and notice, and obtained a rule for taxing the costs; objecting to the separate levying charges, the advertising fee (as there had been no advertisement,) and the charge of dollarage.
The Court said that prior to the act of 1826, it had been decided that where the sheriff omitted a levy, or stayed an advertisement, at the request of the defendant, as it was for his benefit, he should not be allowed to object to the sheriff's fee for the service which he had thus prevented. But the act of 1826 prohibits the allowance of a fee for any service before it is performed; and as there had not been in fact any advertisement, the court disallowed that charge. They allowed the several levying fee, and the dollarage, it appearing that the thirty days had expired before actual payment.